Good morning, everyone. The first case this morning is number 2010-1487, ALPHAVAX v. NOVARTIS VACCINES. Mr. Killeberg. Thank you, Your Honor. May it please this court, ALPHAVAX asks you to look at three issues in connection with today's appeal. First, did the district court err in refusing to consider and resolve the issues of unpatentability raised by ALPHAVAX at the board but not decided, raised with the full authorization of the board? Second, if that was error, and we believe it was, we ask this court to reverse the district court's denial of the ALPHAVAX motion for summary judgment that claims 9 through 11 of the 694 patent are invalid for anticipation. There are simply no issues of material fact that bar entry of judgment on that single issue. But on that point, so you're saying that even though the board didn't address it and the district court didn't address it, we should make findings in the first instance? I do, Your Honor, just as this court did in Agilent v. Affymetrix. This court rarely sits as an initial finder. But where the parties briefed the issue at three different levels of jurisdiction, three different fact finders. It's really a double hurdle, though, the normal unappealability of a denial of summary judgment plus the factual issues that you're asking us to decide. Well, all right, what's your third point that you want us to consider? I'm sorry, Your Honor. Sorry, you said that there were three points? Three. The third point is the reason Alphavax went for review via 35 U.S.C. 146 rather than directly to this court. Alphavax asked the district court to allow it to present live testimony of its inventors, of its corroborators, and its experts to help guide the court through the massive corroborating documentation that Alphavax had submitted at the board and been denied the opportunity to have reviewed. In fact, the board didn't look at the written declarations of those inventors. The court, in its opinion, that we seek relief from today, said that information would have been helpful, that testimony would have been of value. This court, in adjelent via affymetric, said when the board tells you this kind of evidence would have been useful, that's what you present in a 146 action. But are you saying that in a 146 action, the normal district court proceedings of summary judgment don't apply? Where summary judgment is appropriate, Your Honor, the district court can still avail itself of summary judgment. But even in the jurisdiction of the District Court of Massachusetts, the law is and was cited that where oral testimony, live testimony, is available on an issue disputed below, summary judgment is simply inappropriate. Are you saying it's different in a 146 action or about the same rule as to whether summary judgment should or shouldn't be applied? It's different in a 146 action, Your Honor, to the extent that the 146 action is going via a statute which specifically provides for a right, doesn't define the scope of that right, but specifically provides that the appellant may provide additional testimony to the record. As in any civil action. I'm sorry? The 146 action is a civil action. It's a civil action, Your Honor. It's a civil action. And what I'd like us to think through is whether the ordinary rules of civil actions apply or whether there should be some special kind of civil action because it has already been to the patent office. Understood, Your Honor. And where you have a straightforward review without the opportunity to broaden the evidentiary base, which is an ordinary civil action, the court can find that the decision was reasonable, that on the facts there are no issues of material, there are no material issues of fact, and enter summary judgment. But where the statute specifically provides that because of the nature of the agency action, and the agency, the patent office, is limited in some respects, an appellant shall have the right to submit additional evidence. That's what the statute provides. In 145, I mean, in Hyatt, we said that 145 and 146, its counterpart, that the limitations are the normal rules of evidence and normal rules of civil procedure. And in a normal civil action, a court can say there's no material issues of fact, and I don't even need to allow discovery if those determinations are appropriate. If those determinations are appropriate. There's an important difference between 145 and 146, Your Honor. And although we were happy with this court's decision in Hyatt, obviously, because it embraced the opportunity to present additional evidence, the 146 statute itself encodes the opportunity to provide additional evidence. Where you have an agency finding that, had we been told what this means, it would have been of value. And the statute says, you can supply additional evidence on the issues, at least the issues raised. And this court's precedent says, that's what you do in a 146 action. Summary judgment is not appropriate under the ordinary standard. And that's the history of the District Court for the District of Massachusetts, Your Honor. The case that the court struggled to align our situation with, the Invitrogen case, the judge specifically found that if they had been proving the facts of the presentation to the board with oral testimony, summary judgment would not be appropriate. So you're not saying we should say that in 146 the summary judgment standard changes. You're saying that in 146, we need to apply the normal summary judgments. We need to apply the normal limit and observe the statutory purpose behind it, Your Honor. That's correct. And we would apply the regional circuit law with respect to what is an appropriate standard for summary judgment in those circumstances? It's hard to see an issue arising that is not fully complected by the laws giving rise to the patent standards. But if such a situation erected, yes, the ordinary regional circuit standards would apply. But isn't that what Judge Young did or said he was doing? He said, even if we believe everything that you said, you didn't provide corroboration on any basis, even if we believe, assuming that every affidavit is credited, that there was no corroboration. And therefore, as a matter of law, you can't have shown conception. That's precisely not what the district court found, Your Honor. The district court, like the board below it, declined to look at the corroborating evidence and the declarations that guide a fact finder through the corroborating evidence, except for one document. Alphavax had presented the ILIR from 1994 as a specific example of corroborating evidence. That's the one document that the district court looked at. And contrary to the board, Your Honor, one document, the court looked at it and said, well, that is corroborating of conception. But it doesn't prove anything with regard to actual reduction to practice, which, of course, it didn't. It wasn't intended to. So I'm not going to look further. The district court, like the board below, declined to look at the corroborating documents. And this court has held repeatedly that documents, just like the testimony of a non-inventor, can be relied on to corroborate invention, priority of invention. That's what we asked the board to do. That's what we asked the district court to do. And we ask this court now to direct the district court to do exactly that. Can I ask you a question about the other issues? And that is that your argument that the district court should have decided the issues that the board left undecided. Is your argument that the board was compelled to decide those issues? Or is it your argument that the board abused its discretion because it didn't explain why it didn't decide those issues? The board was compelled to decide those issues. In 20 years, Your Honor, this court has faced that same question four times. It has given the same answer four times. Issues of unpatentability fully and fairly raised in the course of an interference should be decided in that interference. Did we say that it would be better for the board to decide it? Or did we say that the board was mandated or compelled to decide it? The court has only once used a must word. The court told the district, this court told the district court in cardiac science that it must decide this issue. And it must decide it according to the court's guidance. And that was the written description issue. But as I recall those cases, there an interference was found, an interference in fact. Here the board found there was no interference in fact because there was no prima facie showing of priority by the junior party. So not proceeding to determine priority, you're saying nonetheless the board constituted to decide priority must act like a board of appeals and decide whether the senior party claims are valid or patentable? Well, I think there's an error in the foundation of your question, Your Honor. There is no finding, and that's expressly stated in our briefs. There is no finding and no argument anywhere that there was no interference in fact. That's a very special finding, which requires a finding by the board or the district court that there is no two-way obviousness between the claims of party A and the claims of party B. That will deprive the board of jurisdiction if it's found. It was never found. It is this court's. But they never got there because they decided the case without deciding that question. Well, they didn't get to it, Your Honor, but this court's jurisprudence is they should have. This court's jurisprudence is that the legislative intent was to resolve all issues properly raised, issues of priority, issues of unpatentability properly raised in an interference. And in fact, Perkins v. Kwan and Schultz v. Green, both cases the district court reviewed and said they're not compelling, dealt with exactly that question, if priority is found to be lacking, if you cannot prevail on priority, can you nonetheless argue that the senior party's claims are unpatentable for other reasons? And this court has always said you can and you should. Didn't our case law, though, focus in all the instances about whether the board was permitted to decide those issues, not whether it was compelling? That was the district court's belief until cardiac science was decided, Your Honor. Cardiac science has an awful lot of parallels to this court, this case. And in cardiac science, the district court both applied the wrong standard for a written description and declined to decide an issue raised by motion for unpatentability. But the board had decided the issue in that case, hadn't it? No, Your Honor. That decision, Motion 3, that issue, Motion 3, wasn't decided by the board. And because the board didn't decide it, the district court didn't decide it. OK. Now, do you want to save some rebuttal time? Thank you, Your Honor. Then let's hear from the other side. Mr. Stenberg. May it please the court, if I could just cycle back to this question about live testimony and whether the court should have, below, taken live testimony. I would respectfully submit to you that, indeed, what the appellant is asking for is that a 146 case be treated differently than a normal piece of civil litigation. In normal civil litigation, a party is not entitled to a live evidentiary hearing at summary judgment. A party can put in whatever documentary evidence and whatever declarations they choose to. But even if we accept that proposition, in normal civil litigation, a party is entitled to seek discovery. A party is entitled to have the court rule on their Rule 56 motion for discovery pending, or for a stay of the summary judgment determination pending discovery. This court never even ruled on that question. Well, in effect, they ruled on that question. But let me take the first part of your question first. Yes, summary judgment can be, you can move for summary judgment at any time. In civil litigation, you may not get past that hurdle. The other side may be able to put up enough evidence very early in the case. But I could file a motion for summary judgment the day after a complaint comes in the door. And it happens sometimes. In the ombanked decision. But it's a rare circumstance. It's a rare circumstance. The court wouldn't say that was appropriate. I don't disagree with that. But still, it's the burden on the party defending against a summary judgment motion to put up enough evidence at that point to get past the summary judgment hurdle. How can we still, I guess my problem, I mean, your argument certainly has some facial appeal. Because summary judgment's appropriate in any case where it's appropriate. But the board, or the court, specifically said that it will review the decision of the board on the existing record using the substantial evidence test. It did not apply the summary judgment standard. And then repeatedly said that its conclusion was that the board's decisions were reasonable. It never once said that no reasonable jury or no reasonable fact finder could conclude otherwise. Judge Young didn't say that out loud in his opinion. I would submit to you. But that's exactly what he did. That is to say, what Judge Young did in his opinion was to say, I'm going to assume and credit that everything that appellant has said in their declaration, that all of that's true. That doesn't get us corroboration, which is required at law. It didn't get you past the substantial evidence test. But that's a different issue. Well, when you do summary judgment in a 146 case, it's a combination of the two standards. I would submit to you that what you're doing is you're asking whether the board's decision is supported by substantial evidence based on the undisputed facts. And that's precisely what happened here. And I would submit to you this, that in the Umbach decision in Hyatt, this court resolved the question of whether 146 actions should be treated any differently than a normal case. We resolved it in dictum. It wasn't an issue in Hyatt. Yes, but in Hyatt, the court stated the following. I know what we stated, but it wasn't an issue. It wasn't a 146 action in Hyatt. That's correct. But there is a footnote in that case that says there's no distinction between 145 and 146. In Hyatt, we reversed, even in the 145 context, specifically because the judge applied the substantial evidence test and didn't allow additional evidence to be submitted. In this case, the only evidence that was proffered was live testimony from the declarants. And in a normal district court litigation, a party does not have a right to have an evidentiary hearing to hear live testimony of witnesses before summary judgment. What Appellant is really asking for is to say that the normal rules that are applicable to summary judgment, which is we decided on the papers, don't apply in 146 actions. And I submit to you that that's not consistent with the ruling in Hyatt. You're sort of saying the same thing the opposite way, though, correct? You're saying the normal standard for summary judgment doesn't apply. No, I think that exactly that the normal standard of summary judgment applies. There has to be, the movement has got to be entitled to judgment as a matter of law based on undisputed facts. And in this case, because we're reviewing an administrative ruling, it's applying the substantial evidence standard to the fact-finding of the patent office. So I think what I'm suggesting is not a normal practice in summary judgment. What I'm trying to figure out from what Judge Young said is that even though that's not the normal standard for summary judgment, whether in fact because he recited both standards, he recited giving substantial evidence deference to what the office did, and he also said that there seems to be no giving full credit to the affidavits, there's no corroboration as a matter of law. Correct. Correct. So how does one reconcile that conflict? It looks to me like a conflict in what Judge Young said he was doing. I don't, with respect, I don't see it as a conflict. What I see the judge doing is applying the summary judgment standard in the context of an appeal from the patent office. That is to say, he's not obligated, even on summary judgment, to make a de novo review of, he's allowed to apply the substantial evidence standard. In fact, I think he's required to apply the substantial evidence standard under the traditional umbrella of summary judgment. That is to say, there have to be no disputes as to the material facts. I mean, don't you have a problem in that we're just guessing what he might have meant? Because what he really said was, I can't allow new evidence, number one, and number two, that I have to apply the substantial evidence test. That's what he said. He said, let me say the following. He said, I'm not going to allow live testimony, the proffered live testimony. And I would submit to you that the rationale that he used for that is inconsistent now with the Ombank ruling in Hyatt. But his whole- And it was inconsistent with Winter, which was on the books for a long, long time. Well, his holding, though, his holding is this. I think you have to ask whether, you're asking about whether he abused his discretion. That's what we're doing here. Did he abuse his discretion in declining to hold an evidentiary hearing before deciding summary judgment? How is a grant of summary judgment reviewed on an abuse of discretion standard? A grant of summary judgment is reviewed de novo. But the question of whether he should have held an evidentiary hearing is reviewed for an abuse of discretion standard, just like in Hyatt. And it doesn't matter whether he expressly said that he thought he couldn't? Well, the question is what he did. There was a, look, it would be a different case if Alphavax had proffered declarations, new declarations at summary judgment stage, and he refused to consider them. That proffer was not made. And I would submit to you that if, in fact, there had been a proffer of new declarations and he refused to consider them at the summary judgment stage, we'd be in a different circumstance. But the only new evidence that was proffered was live testimony. And I would submit to you respectfully that the party is not entitled in ordinary civil litigation to have a live evidentiary hearing before a summary judgment. Let me turn to the other issues that the board did not decide, the other patentability issues. And do you agree that those issues were sufficiently raised in front of the board to have allowed the district court to decide them if the district court chose to do so? Yes, Your Honor. OK. So your argument is simply that the district court had the discretion to refuse to exercise its jurisdiction? As did the board. So you think that both the board had the discretion not to decide the issues, and the district court had the discretion not to decide the issues. But you concede that both have jurisdiction. Correct. And with respect, there are six cases that this issue, over the last 20 plus years, that this issue has been addressed in. And in the very important case of Berman v. Housie, the court went through and took a look very carefully at what the holdings had been from the Perkins case on forward. And in all of those cases, says the court in Berman v. Housie, the court had ruled that the board was authorized to, but not compelled to, consider issues of patentability. But that relates only to the board's discretion. Now, what about the district judge's discretion? If the district court has jurisdiction, isn't the normal rule that when a district court has jurisdiction, it should decide the matter, unless you're under a particular statute, like the Declaratory Judgment Act, that gives the court discretion? Well, in a 146 action, the district court's jurisdiction is for when the party is dissatisfied with a ruling or a decision of the board. There was no decision of the board on these issues. So wait, then let's back up, because I thought I understood you to say that even if the board doesn't decide them, the district court would still have jurisdiction to decide them. Are you saying it doesn't? Sorry. I think that that's true. It's tough, I know. It is. Really, this is kind of a difficult, difficult issues. I think, actually, look, our view below was once the board had concluded that there was no interference at all, as Judge Newman was saying, it, in effect, blocked jurisdiction entirely to hear this. Now, Judge Young disagreed with that. He said the court went forward and ruled on priority. That is to say, it exercised jurisdiction over the priority question. But I think, similarly, that the district court does not have jurisdiction to rule in the first instance where the agency has not ruled. So that's really the short version of that. And let me just respond very quickly to the issue of whether this court ought to be granting summary judgment in the first instance. First of all, we don't think that patentability should be addressed. Second of all, even if you were to conclude that the board and or the district court should have been dealing with patentability, the correct responses descended back down to them. If you were actually to entertain this issue in the first instance, on page 65 of our brief, we recite really one question and one answer from Alphavax's expert. With respect to the piece of prior art that they say is anticipating, their expert is asked, but the 602 patent, that's the piece of prior art, doesn't teach a method of producing those particles which results in a preparation that's RCV-free, does it? And the answer that their expert gives is, in my opinion, it does not. Being RCV-free, replication-competent virus-free, is a necessary limitation of the claims that are at issue. And what this question and answer says is that their expert is of the opinion that the prior art does not enable that. And at the very least, we've got a set of disputes of material effect. So while I don't think that you ought to be reaching these issues in the first instance, your honors, if you do, the fact that their expert says that the prior art's not enabling ought to be sufficient to dispose of that question. At the end, with respect to this, there's some conceptually very complicated questions here. But I think in some ways, it's fairly simple. On the question of live testimony, an ordinary litigant in a civil case doesn't have a right to live evidentiary hearing at summary judgment. At summary judgment, you need to put up your evidence to see whether you can get past summary judgment or create a dispute of the material effects. And with respect to the patentability, should the board and or the district court have decided patentability, Berman V. Housey says, if you haven't met a threshold requirement for an interference, then the board is not obligated to decide other questions like patentability. So unless there's any other questions, your honor, that's it. Any more questions? Any more questions? OK. Thank you, Mr. Steinberg. Mr. Kelleher. Thank you, your honor. Unless the court has questions, I want to rise to one question, one issue. Counsel told you, if Alpha Facts had come forward with declarations in opposition to the issue on priority, it would have been different. Alpha Facts did direct this court's attention to A240 through 323, which walks the reader through the thousands of pages of corroborating evidence. Alpha Facts tried to present this to the board. At page six of the board's decision, the board said, we're not going to read it. Not just the corroborating evidence, but the declaration. At page five of the district court's decision, the district court comes to the same conclusion. In response to the summary judgment filed by Novartis' motion at district court, Alpha Facts presented the standard list of facts, material facts that are in dispute, rely on the very declarations that counsel now suggests, had they been brought forward, should have entitled Alpha Facts to live testimony. We agree, your honors. At some point, those declarations should have been considered. We thought they would have been considered at district court, and we wanted to help the judge through those declarations and through that documentary evidence with live testimony, because the court said that would have been helpful. Well, Mr. Kilgour, I think you're raising a new issue on rebuttal, that the other side isn't having an opportunity to argue. Thank you. Thank you both. The case is taken under submission. Thank you. Thank you.